## WILLIAM A. SCHAFFER V. THE STATE.

No. 20659. Delivered December 6, 1939.
Rehearing Denied January 31, 1940.

The opinion states the case.

*J. A. Collier,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for an assault and battery. The punishment assessed is a fine of $25.00.

The complaint and information contain two counts. In the first appellant was charged with simple assault and in the second count with aggravated assault and battery. When the case was called for trial, appellant waived a jury and entered a plea of guilty. The State, notwithstanding appellant's plea of guilty, placed the injured party upon the witness stand, who testified that on the afternoon of March 6, 1939; appellant struck him with a piece of pipe as he was walking along upon Polk Avenue in the City of Houston, Harris County, Texas. Appellant testified in his own behalf and placed his wife upon the stand, who testified that on two prior occasions the injured party had passed her home; that on each occasion he scraped his feet on the sidewalk, made a hissing noise with his mouth and winked at her, of which she informed her husband, the appellant. On cross-examination, she was asked by the State if she did not state to the arresting officer that all the negro did was scrape his feet on the sidewalk and stare at her when she looked at him. She denied this and then the State called the arresting officer, who contradicted her and testified that she did tell him so in the presence of appellant. By Bill of Exception No. 2 he complains of the cross-examination of his wife relative to what she said to the officer on the ground that she was compelled, over his objection, to give testimony against him. We are unable to agree with him. When he placed his wife upon the witness stand she was subject to cross-examination or impeachment germane to her direct examination just as any other witness.

The record (Bill of Exception No. 1) shows that appellant was found guilty of simple assault and battery, and the evidence, together with his plea of guilty, fully sustains the court's conclusion of the appellant's guilt.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Since the opinion was handed down in this case appellant

has discovered that the transcript erroneously stated that he had pleaded guilty. By a supplemental transcript this has been corrected and we have again considered the matter in the light of that correction. We are unable to see that any difference is made, as the principal complaint was not brought before this court in a proper manner, and we are unable to give it further consideration than that which was given in the original opinion. We find no error in the record, and the motion for rehearing is overruled.